UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **JOHN CHAMBERS**, Defendant. | 4:13-CR-20254-TGB <br><br> **ORDER DENYING CERTIFICATE OF APPEALABILITY** |

The Court denied John Chambers' petition for writ of habeas corpus on May 18, 2020. ECF No. 86. Petitioner has filed a notice of appeal. ECF No. 87. Before an appeal under 28 U.S.C. § 2255 may proceed, district courts must first determine whether to certify any issues for appeal.

A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner sought habeas relief under a variety of claims, including ineffective assistance of counsel for failing to file a motion to suppress

1

various evidentiary articles, a requested speedy trial motion, a *Brady* violation against the prosecution, and for failing to argue prosecutorial misconduct. The Court rejected motion to suppress and the speedy trial claims because Petitioner failed to establish that assuming ineffective performance, the outcome of the trial would have been different. ECF No. 86, PageID.903. As to the allegation of a *Brady* violation, Petitioner failed to argue that the dash camera footage would be exculpatory. *Id.* at 915. Petitioner's prosecutorial misconduct claim failed because it was merely an argument previously addressed and rejected on appeal. *Id.* at 916.

In addition, Petitioner argued that his counsel was ineffective for failing to challenge the grand jury's indictment, for failing to file a motion to dismiss because his prior conviction could no longer serve as a predicate offense, and for failing to raise these issues on direct appeal. The Court rejected these arguments as well, concluding that Petitioner failed to establish a long-standing pattern of prosecutorial misconduct and because such claims lacked any merit. *Id.* at PageID.920.

Lastly, Petitioner argued that the cumulative effects of his trial counsel's ineffectiveness amounted to a Due Process violation. *Id.* The Court rejected the Due Process violation challenges as an attempt to relitigate similar issues already raised. Petitioner also attempted to supplement his habeas petition with a pleading alleging that recent Supreme Court precedent caused an intervening change in the law which

obligated the Court to vacate his conviction. *See* ECF No 85 (citing *Class v. United States*, 138 S.Ct. 798 (2018)). But Petitioner was unable to cite to authority supporting his position that in a non-capital case, defense counsel may not concede defendant's guilt over the wishes of the defendant. *Id.* at PageID.923 (citing *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018)).

In sum, the Court concluded that Petitioner's challenges generally lacked substantive merit and, as such, reasonable jurists could not disagree. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, Petitioner's certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 26, 2021        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 26, 2021.

                               s/A. Chubb
                               Case Manager